WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lincoln W. Thomasson and Tracy L. Thomasson, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>First Horizon Home Loans, Metlife Home Loans, Loancare, Servicelink, Quality Loan Service Crop., McCarthy Holthus Levine, Federal Home Loan Mortgage Corporation (Freddie Mac), its assignees and/or Successors and Red White and Blue Enterprises 1-10, inclusive,<br><br>　　　　　Defendants. | No. CV 10-08192 PCT-MHB<br><br>**ORDER** |

This matter comes before the Court on consideration of a Motion to Dismiss filed by Defendants LoanCare, ServiceLink, Quality Loan Service Corporation, and McCarthy, Holthus & Levine (hereinafter, the "Defendants") on November 23, 2010 (Doc. 23). Plaintiffs have filed a Response to Defendants Answer and Motion for Judgment on the Pleadings (Doc. 51) and Defendants have filed a Reply (Doc. 54). The request for oral argument will be denied because the parties have fully briefed the issues and oral argument will not aid in the Court's decision. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991).

**BACKGROUND**

On October 12, 2010, Plaintiffs filed a 51-page Amended Complaint against Defendants, and other entities (Doc. 3). Defendants seek dismissal of the following causes of action set forth in the Complaint: Count 3, against Defendant Quality Loan Service Corporation for breach of contract (Id., at 29), Count 4, against Defendant LoanCare for breach of contract (Id., at 31), Count 5, against Defendant ServiceLink for breach of contract (Id., at 33), Count 6, against Defendant McCarthy Holthus Levine for breach of contract (Id., at 35), Count 11, against Defendant Quality Loan Service Corporation, for beach of the covenant of good faith and fair dealing (Id., at 43), Count 12, against Defendant LoanCare for breach of the covenant of good faith and fair dealing (Id., at 44), and Count 13, against Defendant ServiceLink for breach of covenant of good faith and fair dealing (Id., at 45).

Defendant LoanCare is a loan processing company; Defendant ServiceLink is a loan servicing company; Defendant Quality Loan Service Corp., is a foreclosure processing company; and McCarthy Holthus Levine, are attorneys at law, and serves as an agent for Freddie Mac. (Doc. 3, ¶¶ 3-4.)

Plaintiffs allege in their complaint, as is pertinent here, that they refinanced the 2001 purchase of their residence with a mortgage loan from Horizon Home Loans. (Doc. 3, ¶62.) In November, 2009, Plaintiffs defaulted on their mortgage. (Id.,¶ 65.) In March, 2010, they contacted their mortgage servicer, First Horizon Home Loans/MetLife Home Loans (hereinafter "First Horizon") to ask for a loan modification. (Id., ¶ 67.) On April 13, 2010, a loan modification packet was received by Defendant LoanCare. (Id., ¶ 68.) Plaintiffs then received a Home Affordable Modification Program ("HAMP") packet, and were considered by First Horizon for the HAMP program. (Id., ¶¶69-70.) On May 14, 2010, First Horizon advised Plaintiffs that they were being considered for the HAMP program. (Id., ¶ 70.) Although Plaintiff acknowledge that they were never notified of a denial of consideration, Plaintiffs "surmise that they were never considered." (Id., ¶10, FN2.)

As a result of the economic downturn in the United States, and the resulting rise in home foreclosures, HAMP was launched by the Obama Administration, as part of the

Troubled Asset Relief Program ("TARP"), to stem the escalating tide of home foreclosures. (Doc. 3, ¶ 5.) On May 5, 2010, First Horizon as a participating servicer with Freddie Mac entered into a HAMP agreement. (Id., ¶ 7.) Plaintiffs allege that they met the HAMP eligibility criteria to have their mortgage reviewed for modification. (Id., ¶ 8) (Id., ¶ 10.a.)

On June 17, 2010, Plaintiffs received notification from Defendant Quality Service Corporation that a trustee sale of their home would be conducted, and on July 26, 2010, Plaintiffs received relocation assistance letter from Defendant McCarthy Holthus Levine. (Doc. 3, ¶¶ 71-72.) On August 6, 2010, Plaintiffs received an eviction notice. (Id., ¶ 73.) On August 14, 2010, Plaintiffs were advised by Defendant ServiceLink that it no longer had access to Plaintiffs' file or information. A forcible detainer action was instituted and on September 10, 2010, the detainer was upheld in the Arizona Superior Court to remove Plaintiffs from their home. (Id., ¶¶ 75-76.)

## STANDARD OF REVIEW

A complaint must contain;

"(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; . . ."
Fed. R. Civ. P. 8(a).

"Pleadings must be construed to do justice." Fed. R. Civ. P. 8(e).

These pleading requirements are to be liberally construed. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002). The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." In re Marino, 37 F.3d 1354, 1357 (9th Cir. 1994). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Smith v. Jackson Terrier Network of N. Cal. v. Am. Kennel

1 Club, Inc., 507 F.3d 1027, 1035 (9th Cir. 2005). Though the complaint need not contain
2 detailed factual allegations, the factual allegations must be enough to raise the claimed right
3 to relief above the speculative level and to create a reasonable expectation that discovery will
4 reveal evidence to support the claim. Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007).
5 In addition, the court must assume that all general allegations "embrace whatever specific
6 facts might be necessary to support them." Peloza v. Capistrano Unified Sch. Dist., 37 F.3d
7 517, 521 (9th Cir.1994). Similarly, legal conclusions couched as factual allegations are not
8 given a presumption of truthfulness, and "conclusory allegations of law and unwarranted
9 inferences are not sufficient to defeat a motion to dismiss." Pareto v. F.D.I.C., 139 F.3d 696,
10 699 (9th Cir.1998). To survive a motion to dismiss, a complaint must contain sufficient
11 factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face."
12 Ashcroft v. Iqbal, —U.S. —, —, 129 S.Ct. 1937, 1949 (2009). The issue is not whether the
13 plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to
14 support the claims. See Gilligan v. Jamco Development Corp.,108 F.3d 246, 249 (9th Cir.
15 1997).

**DISCUSSION**

17 Defendants assert that Plaintiffs have no standing to assert the claims against
18 Defendants based upon the "HAMP contract between Defendants First Horizon . . . and
19 Freddie Mac." (Doc. 3, ¶18.) Defendants argue, that even if such a contract exists, Plaintiffs
20 are not parties to the contract, nor are they third party beneficiaries. (Doc. 23, at 3.)
21 Plaintiffs do not dispute that they are not parties to the contract, but argue that they are
22 "intended third party beneficiar[ies]" to the HAMP agreement. (Doc. 51, at 1.)

23 In order to recover as a third party under a contract, the party must show that the
24 contract was made for its direct benefit, i.e., that it is an intended beneficiary of the contract.
25 Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206 (9th Cir. 2000). In
26 Klamath, the Ninth Circuit defines third party beneficiaries as follows:

27 (1) Unless otherwise agreed between promisor and promisee, a beneficiary of
a promise is an intended beneficiary if recognition of a right to performance
28 in the beneficiary is appropriate to effectuate the intention of the parties and

- 4 -

> ... (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Id., at 1211.

To establish third party beneficiary rights, a party must show that the contract "reflects the express or implied intention of the parties to the contract to benefit the third party." Id.

The Court, in Hoffman v. Bank of America, 2010 WL 2635773 (N.D.Cal. 2010), specifically found that borrowers are not third party beneficiaries under the HAMP servicers agreement. In that case, the plaintiff had sought a preliminary injunction to enjoin defendants from foreclosing on his residence. The Court cited numerous cases "weighing decisively in favor of defendant," that held that a borrower is not a third party beneficiary of the HAMP agreement, and also noted that "[a]s many courts have recognized, it would be unreasonable for a qualified borrower seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does not actually require that the servicer modify all eligible loans, nor does any of the other language of the contract demonstrate that the borrowers are intended beneficiaries." Hoffman, 2010 WL *3-4. Accord, Marks v. Bank of America, N.A., 2010 WL 2572988 *5 (D.Ariz. 2010) ("plaintiff's claim did not meet the requisite 'clear intent' standard, and that [w]hile the intent of the HAMP might be to benefit qualified borrowers, statements of purpose are not enough to defeat the presumption against intended beneficiaries under government contracts"); Schwartz v. Chase Home Finance, LLC, et. al., 2010 WL 5151326 *1 (D.Ariz. 2010) (HAMP is a federal law, not a contract between plaintiff and defendant).

The Plaintiffs cite one case in support of their position: Marques v. Wells Fargo Home Mortgage, Inc., 2010 WL 3212131 (S.D. Cal. 2010). However, the "vast majority of courts to consider whether borrowers are intended beneficiaries of HAMP have determined that they are not." Orcilla v. Bank of America, N.A., 2010 WL 5211507 *3 (N.D.Cal. 2010) (recognizing the Court's disagreement with the Marques conclusion.)

Even if Plaintiffs could establish that they are third-party beneficiaries under the HAMP contract, the Defendants are not parties to the HAMP agreement. Plaintiffs argue

in their Reply that the Defendants nonetheless are liable as "agents" or "subagents" of the parties to the agreement, but provide no authority for that proposition. (Doc. 51, at 6-7.) Because Defendants are not parties to the HAMP agreement, Defendants can not be liable for a breach of the covenant of good faith and fair dealing that may be implied therein .

## CONCLUSION

Plaintiffs lack standing to bring a suit for breach of contract or breach of the covenant of good faith and fair dealings against Defendants because Plaintiffs are incidental, not intended beneficiaries of the HAMP agreement, and in any event, Defendants are not liable as they are not parties to the HAMP agreement.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss (Doc. 23).

**IT IS FURTHER ORDERED**, to the extent that Plaintiffs' Response can be construed as a Motion for Judgment on the Pleadings, denying Plaintiffs' Response to Defendants Answer and Motion for Judgment on the Pleadings (Doc. 51).

**IT IS FURTHER ORDERED** dismissing Counts 3, 4, 5, 6, 11, 12, and 13 from the Complaint.

**IT IS FURTHER ORDERED** dismissing LoanCare, ServiceLink, Quality Loan Service Corporation, and McCarthy, Holthus & Levine as Defendants in this action.

DATED this 21st day of April, 2011.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge